The Honorable Charlie Crist
 

 Governor, State of Florida
 

 The Capitol
 

 Tallahassee, Florida 32399
 

 Dear Governor Crist:
 

 By letter dated January 6, 2009, you requested an opinion on a question of constitutional interpretation involving your executive powers and duties with regard to your authority to commission a circuit judge-elect who is suspended from the practice of law at the time the judge-elect is to take office. This request and our response are pursuant to article IV, section (1)(c) of the Florida Constitution.
 

 As relevant to your request, William S. Abramson was admitted to The Florida Bar in November 1992. In August 2008, Abramson was elected to a circuit court judgeship in the Fifteenth Judicial Circuit for a term of office to commence on January 6, 2009. On December 18, 2008, we suspended Abramson from the practice of law for ninety-one days; the suspension took effect on January 2, 2009.
 
 Fla. Bar v. Abramson,
 
 3 So.3d 964 (Fla.2009).
 

 Your letter provides as follows:
 

 On January 5, 2009, I received a letter from Chief Judge Kathleen J. Kroll, of the Fifteenth Judicial Circuit, in
 
 *266
 
 which she expressed uncertainty as to the position of Circuit Judge-Elect William Abramson.... In response to Chief Judge Kroll’s letter, I am requesting an advisory opinion as to how Mr. Abramson’s recent suspension from The Florida Bar ... affects his ability to hold the constitutional office of circuit judge. This request is made pursuant to Article IV, Section 1(c) of the Florida Constitution as it relates to the Justices’ interpretation of the Governor’s authority under Article IV, Section 1(a) to commission a circuit judge-elect who is serving a suspension from the practice of law at the time the judge-elect is to take office.
 

 Letter from Governor Charlie Crist to Chief Justice Peggy A. Quince dated January 6, 2008. On January 7, 2009, this Court issued an order permitting all interested parties to file briefs.
 
 [1]
 

 ANALYSIS
 

 You are not authorized to commission a circuit judge-elect if he fails to satisfy the constitutional eligibility requirements for that office.
 
 See In re Advisory Op. to Gov.,
 
 192 So.2d 757, 759 (Fla.1966). Consequently, the instant inquiry requires the Court to determine whether suspended lawyers are “member[s] of the bar of Florida” for the purpose of satisfying the eligibility requirements for circuit court judge as specified in article V, section 8 of the Florida Constitution. Section 8 provides:
 

 No person is eligible for the office of justice of the supreme court or judge of a district court of appeal unless the person is, and has been for the preceding ten years, a member of the bar of Florida. No person is eligible for the office of circuit judge unless the person is, and has been for the preceding five years,
 
 a member of the bar of Florida.
 
 Unless otherwise provided by general law, no person is eligible for the office of county court judge unless the person is, and has been for the preceding five years, a member of the bar of Florida. Unless otherwise provided by general law, a person shall be eligible for election or appointment to the office of county court judge in a county having a population of 40,000 or less if the person is a member in good standing of the bar of Florida.
 

 (Emphasis added.)
 

 Under Rule Regulating the Florida Bar 3-5.1(e), a suspended lawyer is a member of the Bar, but lacks the privilege to practice law. However, in adopting the Rules Regulating the Florida Bar, we did so “to regulate the admission of persons to the practice of law and the discipline of persons admitted.”
 
 See
 
 art. V, § 15, Fla. Const. We in no way intended for those rules and our disciplinary cases to define the phrase “a member of the bar of Florida” as used in article V, section 8.
 

 Generally, “words used in the constitution should be given them usual and ordinary meaning because such is the meaning most likely intended by the people who adopted the constitution.”
 
 Lawnwood Med. Ctr., Inc. v. Seeger,
 
 990 So.2d 503, 512 (Fla.2008). At times, this Court has turned to decisions from other state supreme courts in construing similar provisions in their constitutions to determine the “common sense understanding” of a provision in our constitution.
 
 See id.
 
 Based on cases from other state supreme courts, it is the “common sense understanding” that where Bar membership is an eligibility requirement for judicial office, one may not be a judge in a court in which one’s own practice as a lawyer would be disallowed.
 
 See State ex rel. Willis v. Monfort,
 
 93 Wash. 4, 159 P. 889, 891 (1916)
 
 *267
 
 (“[N]o person is eligible to the office of judge of the superior court unless ... he is, at the time he becomes a candidate or is required to qualify as such judge, entitled to practice in the courts of this state.”);
 
 see also Johnson v. State Bar of Cal.,
 
 10 Cal.2d 212, 73 P.2d 1191, 1193 (1937) (“Certainly an attorney who has been suspended from the practice of law during this period cannot successfully claim to be eligible.”);
 
 Hanson v. Cornell,
 
 136 Kan. 172, 12 P.2d 802, 804 (1932) (“Obviously the Legislature intended that for one to be qualified to hold the office of judge ... his admission to practice law created a status which continued and under which he was engaged in the active and continuous practice of law....”);
 
 Cornett v. Judicial Ret. & Removal Comm’n,
 
 625 S.W.2d 564 (Ky.1981) (stating that a person under temporary suspension from the practice of law cannot serve as a judge).
 

 Therefore, we determine that article V, section 8 of the Florida Constitution contemplates that “a member of the bar of Florida” is a member with the privilege to practice law. It follows that a lawyer who is suspended from the practice of law fails to satisfy the constitutional eligibility requirements for a circuit court judgeship. Abramson is a suspended lawyer. He cannot practice law in the courts of this State and he is therefore not eligible to hold the office of circuit judge in this State.
 

 CONCLUSION
 

 Accordingly, you are advised that you are not authorized to sign the commission of a circuit judge-elect under suspension from the practice of law at the time he is to take office. The above are the views of four of the Justices of this Court. Justice Labarga is recused from this case.
 

 Respectfully,
 

 /s/ Peggy A. Quince
 

 Chief Justice
 

 /s/ Charles T. Wells
 

 Justice
 

 /s/ Charles T. Canady
 

 Justice
 

 /s/ Ricky Polston
 

 Justice
 

 We agree with our fellow justices that William S. Abramson is not eligible to hold the constitutional office of circuit judge. We concur in result only because we would limit our answer to the specific case of Abramson, who was under a 91-day rehabilitative suspension at the time he was to take office. We would leave other possible scenarios for another day, if such an unfortunate circumstance ever arises again.
 

 Simply put, Abramson is not a “member of the bar of Florida” as set forth in article V, section 8 of the Florida Constitution, because he cannot practice law and will not be able to practice law until he is reinstated by an order of this Court. Rule 1-3.1 of the Rules Regulating the Florida Bar provides that “the
 
 membership
 
 of The Florida Bar shall be composed of all persons who are
 
 admitted
 
 by the Supreme Court of Florida
 
 to the practice of law
 
 in this state and who maintain their membership pursuant to these rules.” (Emphasis added.)
 

 In this case, William S. Abramson is under a rehabilitative suspension, which means he cannot practice law now, or in the future, until reinstated to membership in the Bar by this Court. Specifically, in the case of Abramson, who is suspended in excess of 90 days, rule 3-5.1(e) provides, in addition to the portion relied on by the majority, that his reinstatement “shall require proof of rehabilitation” and he “shall not become eligible for all privileges of members of The Florida Bar until
 
 the court enters an order reinstating the re
 
 
 *268
 

 spondent to membership
 
 in the Florida Bar.” (Emphasis added.)
 

 The reinstatement process is not automatic in the case of a rehabilitative suspension. To apply for reinstatement, Abramson would be required to submit a petition with this Court. R. Regulating Fla. Bar 3-7.10(b)(l). The petition would then be referred to a referee for a hearing on Abramson’s fitness to resume the practice of law. R. Regulating Fla. Bar 3-7.10(d), (f). In determining Abramson’s fitness to resume the practice of law, the referee would consider whether Abramson has engaged in any disqualifying conduct, evaluate and make findings as to Abram-son’s character and fitness, and determine whether Abramson has been rehabilitated. R. Regulating Fla. Bar 3-7.10(f). The referee would then file a report with the Court, which includes findings of fact and recommendations as to whether Abramson is qualified to resume the practice of law. R. Regulating Fla. Bar 3-7.10(h). Ultimately this Court makes the final decision on whether a lawyer will be reinstated, either after one party seeks review or neither party seeks review. R. Regulating Fla. Bar 3-7.7(a), (c)(6).
 

 Therefore, while a lawyer is serving a rehabilitative suspension, subject to the disciplinary regulations and other provisions of the Bar rules, the lawyer is unable to hold himself or herself out as a lawyer, or to practice law in this State, until the lawyer both petitions for reinstatement and demonstrates his or her fitness to practice law and rehabilitation, and until this Court enters an order reinstating the lawyer to membership in The Florida Bar. Therefore, William S. Abramson is not eligible to hold the constitutional office of circuit judge.
 

 /s/ Barbara J. Pariente
 

 Justice
 

 /s/ R. Fred Lewis
 

 Justice
 

 [1]
 

 . Briefs were filed by The Florida Bar and by William S. Abramson.