LEWIS, J.
The Supreme Court of Florida Commission on Professionalism has requested that the Court adopt a Code for Resolving Professionalism Complaints which would include a structure to provide a process to more critically address professionalism issues in Florida. We have jurisdiction, art. V, § 15, Fla. Const. (“The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted”), and grant the request.
The current professionalism movement in Florida traces its formal beginning to a Florida Bar task force created in 1989 which generated a report to this Court in 1996 that reported lawyers’ professionalism to be in a state of “steep decline.” In July of 1996, The Florida Bar requested that this Court create the Supreme Court of Florida Commission on Professionalism with the overarching objective of increasing the professionalism aspirations of all lawyers in Florida and ensuring that the practice of law remains a high calling with lawyers invested in not only the service of individual clients but also service to the public good as well.
Recognizing that professionalism involves principles, character, critical and reflective judgment, along with an understanding of ourselves and others working in and under stressful circumstances, Florida has traditionally followed a more passive, academic approach to enhance and improve professionalism. Continuing legal education programs, speeches, contests, meetings and other academic methods of addressing professionalism have been implemented on both state and local levels. During the last two years, the Professionalism Commission has studied and reviewed both our status and progress in advancing professionalism. Although it is impossible to determine with scientific cer *281 tainty the true or exact status of professionalism today, the passive academic approach to such problems has probably had a positive impact toward improving professionalism or at least maintaining the status quo by preventing a further decline as reported in 1996, the Professionalism Commission has concluded that we continue to experience significant problems that are unacceptable, requiring further and more concrete action. Surveys of both lawyers and judges continue to consistently reflect that professionalism is one of the most significant adverse problems that negatively impacts the practice of law in Florida today. While we continue our educational approach, the Professionalism Commission concluded that further integrated, affirmative, practical and active measures are now needed. We agree.
Over the years, we have come to understand that professionalism or acceptable professional behavior is not simply a matter of character or principles nor is it simply an issue of rule-following or rule-violating. To the contrary, unacceptable professional conduct and behavior is often a matter of choice or decision-making. Therefore, we accept the proposal of the Professionalism Commission to create a structure for affirmatively addressing unacceptable professional conduct. This first step admittedly contains small initial measures designed to firmly encourage better behavior. This structure attempts to utilize a wide range of interventions from mere conversations to written communications to more severe sanctions as may be applied under our existing Florida Code of Professional Responsibility, which continues above and beyond the structure we approve today.
As a first step, the Professionalism Commission has concluded and now proposes that we should not attempt to create an entirely new code of “professional” or “unprofessional” conduct nor should we, at this time, attempt to codify an entirely new “Code of Professionalism.” We agree with this approach. The Professionalism Commission has proposed, and we adopt, the collection and integration of our current and already existing standards of behavior as already codified in: (1) the Oath of Admission to The Florida Bar; (2) The Florida Bar Creed of Professionalism; (3) The Florida Bar Ideals and Goals of Professionalism; (4) The Rules Regulating The Florida Bar; and (5) the decisions of the Florida Supreme Court into and as part of the Code for Resolving Professionalism Complaints we adopt today. This provides an integrated standard based on the standards previously adopted and already in existence for many years. These standards have been previously approved and are in use, but are not expressed and placed in one location as our standards of expected professional behavior.
The Professionalism Commission has also proposed that the mechanism for initiating, processing, and resolving professionalism complaints be the Attorney Consumer Assistance and Intake Program (ACAP) created by The Florida Bar. We agree and adopt this mechanism. ACAP has been previously created and already accepts, screens, mediates and attempts to resolve any complaints concerning professional behavior. This structure exists to receive and resolve any complaints before and in the place of the initiation of formal grievance proceedings.
The Professionalism Commission also recognized that pursuant to the Administrative Order issued by this Court on June 11, 1998, the Chief Judge of each circuit was directed to create and maintain in continuous operation a Circuit Committee on Professionalism. The Professionalism Commission has proposed that a local committee in each circuit be activated to receive, screen and act upon any and all *282 complaints of unprofessional conduct and to resolve those complaints informally, if possible, or refer to The Florida Bar if necessary. We agree with this proposal and also adopt the Local Professionalism Panel plan. The Chief Judge of every circuit shall create a Local Professionalism Panel to receive and resolve professionalism complaints informally if possible. In the discretion of the Chief Judge, the Circuit Committee on Professionalism may be designated as the Local Professionalism Panel. The Chief Judge of each circuit is responsible for activating the respective committees.
The Code for Resolving Professionalism Complaints, attached as Exhibit A, was published for comments, comments were received and considered by the Professionalism Commission, and a public hearing was conducted. The Conference of County Court Judges and the Conference of Circuit Court Judges have responded in favor of the proposed Code as an initial step toward improving professional conduct in Florida. We hereby adopt the Code for Resolving Professionalism Complaints attached as Exhibit A, effective immediately. The Court extends its gratitude to the members of the Professionalism Commission, the Standing Committee on Professionalism, The Florida Bar Center for Professionalism, and The Florida Bar for the extensive work expended in connection with this major project.
It is so ordered.
POLSTON, C.J., and PARIENTE, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
EXHIBIT A
Code for Resolving Professionalism Complaints

Standards of Professionalism

Members of The Florida Bar shall not engage in unprofessional conduct. “Unprofessional conduct” means substantial or repeated violations of the Oath of Admission to The Florida Bar, The Florida Bar Creed of Professionalism, The Florida Bar Ideals and Goals of Professionalism, The Rules Regulating The Florida Bar, or the decisions of The Florida Supreme Court.
Unprofessional conduct, as defined above, in many instances will constitute a violation of one or more of the Rules of Professional Conduct. In particular, Rule 4-8.4(d) of The Rules Regulating The Florida Bar has been the basis for imposing discipline in such instances. See generally, The Florida Bar v. Ratiner, 46 So.3d 35 (Fla.2010); The Florida Bar v. Abramson, 3 So.3d 964 (Fla.2009); and The Florida Bar v. Martocci, 791 So.2d 1074 (Fla.2001).

Implementation Procedures

1. Terminology
1.1. Standards of Professionalism: The Standards of Professionalism are set forth in the Oath of Admission to The Florida Bar, The Florida Bar Creed of Professionalism, The Florida Bar Ideals and Goals of Professionalism, The Rules Regulating The Florida Bar and the decisions of The Florida Supreme Court.
1.2. Complainant: The person who complains that an attorney’s conduct has violated the Standards of Professionalism.
1.3. Respondent: The attorney whose behavior is the subject of the complaint.
1.4. Attorney Consumer Assistance and Intake Program (ACAP): The program of The Florida Bar which fields and screens complaints against members ' of The Florida Bar. Depending upon the nature and severity of the professionalism complaint, ACAP can resolve the complaint informally as provided herein or it *283 can refer the matter to the appropriate branch office of The Florida Bar’s Lawyer Regulation Department for further action.
1.5. Local Professionalism Panel: An entity independent of The Florida Bar which is established at the local level for the purpose of resolving complaints of alleged unprofessional conduct by attorneys practicing in that circuit.
1.6. Practice and Professionalism Enhancement Programs: The various programs of The Florida Bar which exist for use in diversion cases or as a condition of discipline. These programs include Ethics School, Professionalism Workshops, Law Office Management Assistance Service (LOMAS), Stress Management Workshop, Florida Lawyers Assistance, Inc., and the Trust Accounting Workshop.
2. Initiating Professionalism Complaints
2.1. Commencement of the Process: Any person may initiate a professionalism complaint against a member of The Florida Bar through a Local Professionalism Panel when available and appropriate, or through ACAP. Complaints received by a Local Professionalism Panel may be referred to ACAP at any time depending upon the nature and severity of the complaint.
3. Processing Professionalism Complaints Through ACAP
3.1. Complaints initiated through ACAP can be an informal request for assistance either through a telephone call or by a written request. The complaint can also be a formal complaint either under oath as required by Rule 3-7.3(c) of The Rules Regulating The Florida Bar or as an un-sworn judicial referral as outlined in Standing Board Policy 15.91 of The Florida Bar. The Bar may also lodge a complaint on its own initiative.
3.2.Initial Screening
3.2.1. Upon receipt of a complaint, ACAP will create a record of the request by obtaining the contact information for both the Complainant and the Respondent. The information will then be forwarded to an ACAP Attorney for Initial Screening.
3.2.2. If the ACAP Attorney determines that the concerns raised in the complaint could be resolved informally, the ACAP Attorney will contact the Respondent to discuss the professionalism issues and provide remedial guidance as necessary, or refer the complaint to a Local Professionalism Panel. If the matter cannot be resolved informally, the ACAP Attorney will contact the Complainant and explain any further available options.
3.2.3. Upon receipt of a complaint that cannot be resolved informally, the ACAP Attorney will determine whether the allegations, if proven, would constitute a violation of The Rules of Professional Conduct relating to professionalism. If the ACAP Attorney determines ■ the facts as alleged would constitute a violation, an inquiry will be opened and the ACAP Attorney will investigate the allegations. If the ACAP Attorney determines the facts as alleged would not constitute a violation, the ACAP Attorney will advise the Complainant and the Respondent of the decision not to pursue an inquiry and will provide the reasons for doing so.
*284 3.2.4. If the ACAP Attorney determines after investigation that the facts show the Respondent did not violate The Rules of Professional Conduct, the ACAP Attorney may dismiss the case after taking informal action if necessary, such as providing remedial guidance. The Complainant and Respondent will be notified of the dismissal and will be provided the reasons for doing so.
3.2.5. If the ACAP Attorney determines after investigation that a complaint warrants further action for a possible violation of one or more of The Rules of Professional Conduct, the ACAP Attorney will forward the matter to the appropriate branch office of The Florida Bar’s Lawyer Regulation Department for further consideration.
3.3. Review at the Branch Level: Upon a referral to the branch office, branch Bar counsel may dismiss the case after further review and/or investigation, recommend Diversion to a Practice and Professionalism Enhancement Program in accordance with Rule 3 — 5.3(d) of The Rules Regulating The Florida Bar, or refer to a Grievance Committee for further investigation.
3.4. Review by the Grievance Committee: Upon referral and conclusion of the investigation, the Grievance Committee will make one of the following findings:
A. No probable cause;
B. No probable cause and include a letter of advice to the Respondent;
C. Recommendation of Diversion to one of the Practice and Professionalism Enhancement Programs;
D. Recommendation of Admonishment for Minor Misconduct; or
E.Probable cause. Probable cause under Rule 3-2.1 of The Rules Regulating The Florida Bar is a finding by an authorized agency that there is cause to believe that a member of The Florida Bar is guilty of misconduct justifying disciplinary action.
3.5.Confidentiality: The confidentiality of disciplinary investigations and proceedings is outlined in Rule 3-7.1 of The Rules Regulating the Florida Bar. Any record of informal attempts to resolve a dispute as outlined in paragraph 3.2.2. would also be subject to the provisions of Rule 3-7.1 except that notes of any telephonic communication between the ACAP Attorney and the Complainant, the Respondent, or any third party would be considered the work product of The Florida Bar and would remain confidential and not become part of the public record.