# Supreme Court of Florida

_____

No. SC2025-0019

_____

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – DISCIPLINE RULES.**

August 28, 2025

PER CURIAM.

The Florida Bar petitions the Court to amend the Rules Regulating The Florida Bar and the Code for Resolving Professionalism Referrals.[1]  We adopt the Bar's proposed amendments with a minor modification.

## BACKGROUND

The Bar proposes amending rules 3-5.2 (Emergency Suspension and Interim Probation), 3-5.4 (Publication of Discipline), 3-7.7 (Procedures Before Supreme Court of Florida), 3-7.18 (Disposition of Inquiries or Complaints Referred to the Bar by Members of the Judiciary), 14-4.1 (Arbitration Proceedings), and

---

1.  We have jurisdiction.  *See* art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

20-5.1 (Generally).  Additionally, the Bar proposes amending Code for Resolving Professionalism Referrals 1.2 (Referrals to The Florida Bar).

The proposed amendments were approved by the Board of Governors of The Florida Bar and, consistent with rule 1-12.1(g), the Bar published formal notice of its intent to file the petition in *The Florida Bar News.*  The notice directed interested parties to file comments directly with the Court.  No comments were received.

We hereby adopt the Bar's proposed amendments to the Rules Regulating The Florida Bar and the Code for Resolving Professionalism Referrals with a minor modification.  We explain the modification below, along with some of the more significant rule changes.

## AMENDMENTS

Rule 3-5.2(b) (Petition for Interim Probation) is amended to include four new subdivisions.  The new subdivisions establish a process by which a lawyer may move to dissolve or amend an order imposing interim probation.  Except for the standard to dissolve or amend an interim probation, the process established by the new subdivisions is the same as the process in subdivision (a)

(Emergency Suspension) by which a lawyer may seek to dissolve or amend an emergency suspension.

Next, rule 3-7.7(c)(3) (Procedure for Review; Briefs) is amended to align the time periods for filing answer, reply, and cross-reply briefs with the time periods for filing such briefs in Florida Rule of Appellate Procedure 9.210(g) (Time for Service of Briefs). Specifically, the time periods in subdivision (c)(3) to file an answer, reply, or cross-reply briefs are extended from 20 days to 30 days after service of the opposing party's brief.

Rule 3-7.18(a)(2) is amended to limit the applicability of the judicial referral process. Under the amended rule, a judicial referral may not address "allegations of violations of canons, rules, or law relating to judicial elections." Such allegations must instead be provided to the Bar using the normal complaint process. Also, under the amended rule, a judge may only submit a judicial referral with respect to those matters the judge becomes aware of in the course of his or her official duties as a judicial officer. To make this requirement clear, we revise the Bar's proposal to read, "The member of the judiciary submitting the referral must have obtained

- 3 -

the information about the bar member's conduct during the course of the member of the judiciary's official duties as a judicial officer."

Rule 20-5.1(a) is amended to make persons "currently on the inactive list due to incapacity" ineligible to become a registered paralegal. And Code for Resolving Professionalism Referrals 1.2 is amended to require the Bar to refer back to a Local Professionalism Panel for handling through its informal processes any conduct the panel referred to it that "does not result in bar disciplinary proceedings or diversion to a practice and professionalism program in lieu of discipline."

## CONCLUSION

Accordingly, the Rules Regulating The Florida Bar and the Code for Resolving Professionalism Referrals are amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments become effective October 27, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Rosalyn Sia Baker-Barnes, President, Michael Fox Orr, President-elect, Joshua E. Doyle, Executive Director, Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, and Kelly N. Smith, Senior Attorney, The Florida Bar, Tallahassee, Florida,

for Petitioner

**RULE 3-5.2.    EMERGENCY SUSPENSION AND INTERIM PROBATION**

    **(a)    Emergency Suspension.**

        (1) – (5)    [No Change]

        (6)    *Motions ~~for Dissolution~~<u>to Dissolve or Amend</u>.*  The lawyer may move at any time to dissolve or amend an emergency order by motion filed with the Supreme Court of Florida, unless the bar has demonstrated, through a hearing or trial, the likelihood of prevailing on the merits on any of the underlying violations of the Rules Regulating The Florida Bar <u>that establishes the respondent is causing great public harm</u>.  The lawyer must serve a copy of the motion on bar counsel.  The motion will not stay any other proceedings or applicable time limitations in the case and will immediately be assigned to a referee designated by the chief justice, unless the motion fails to state good cause or is procedurally barred as an invalid successive motion.  The filing of the motion will not stay the operation of an emergency suspension order entered under this subdivision.

        (7)    *Successive Motions Prohibited.* The Supreme Court of Florida will summarily dismiss any successive motion~~s~~ for dissolution <u>or amendment </u>that raise<u>s</u> issues that were, or with due diligence could have been, raised in a prior motion.

        (8)    *Hearing on ~~Petition to Terminate or Modify~~<u>Motion to Dissolve or Amend</u> Suspension.*  The referee will hear a motion to ~~terminate or modify~~<u>dissolve or amend</u> a suspension imposed under this subdivision within 7 days of assignment and submit a report and recommendation to the Supreme Court of Florida in an electronic format approved by the supreme court within 7 days of the hearing date.  The referee will recommend dissolution or amendment, whichever is appropriate, if the bar cannot demonstrate a likelihood of prevailing on the merits on at least 1 of

the underlying violations of the Rules Regulating The Florida Bar that establishes the respondent is causing great public harm.

(9) – (10)   [No Change]

**(b)    Petition for Interim Probation.**

(1) – (3)    [No Change]

(4)    *Motions to Dissolve or Amend.*  The lawyer may move at any time to dissolve or amend an order imposing interim probation by motion filed with the Supreme Court of Florida, unless the bar has demonstrated, through a hearing or trial, the likelihood of prevailing on the merits on any of the underlying violations of the Rules Regulating The Florida Bar.  The lawyer must serve a copy of the motion on bar counsel.  The motion will not stay any other proceedings or applicable time limitations in the case and will immediately be assigned to a referee designated by the chief justice, unless the motion fails to state good cause or is procedurally barred as an invalid successive motion.  The filing of the motion will not stay the operation of an interim probation order entered under this subdivision.

(5)    *Successive Motions Prohibited.*  The Supreme Court of Florida will summarily dismiss any successive motion for dissolution or amendment that raises issues that were, or with due diligence could have been, raised in a prior motion.

(6)    *Hearing on Motion to Dissolve or Amend Interim Probation.*  The referee will hear a motion to dissolve or amend an interim probation imposed under this subdivision within 7 days of assignment and submit a report and recommendation to the Supreme Court of Florida in an electronic format approved by the supreme court within 7 days of the hearing date.  The referee will recommend dissolution or amendment, whichever is appropriate, if the bar cannot demonstrate a likelihood of prevailing on the merits on at least 1 of the underlying violations of the Rules Regulating The Florida Bar that establishes that conditions or restrictions on a

- 7 -

lawyer's privilege to practice law in Florida are necessary to protect the public.

(7)  *Review by the Supreme Court of Florida.*  The Supreme Court of Florida will review and act on the referee's findings and recommendations on receipt of the referee's report on the motion for dissolution or amendment.  Briefing schedules following the petition for review are as set forth in subchapter 3-7 of these rules.

(4<u>8</u>)  *Hearings on Issues Raised in Petitions for Interim Probation.*  Once the Supreme Court of Florida has granted a petition for interim probation under this rule, the referee appointed by the court will hear the matter in the same manner as provided in rule 3-7.6, except that the referee will hear the matter after the lawyer charged has answered the charges in the petition for interim probation or when the time has expired for filing an answer.  The referee will issue a final report and recommendation in an electronic format approved by the supreme court within 90 days of appointment.  If the time limit specified in this subdivision is not met, that portion of an emergency order imposing an interim probation will be automatically dissolved, except on order of the Supreme Court of Florida, provided that any other appropriate disciplinary action on the underlying conduct still may be taken.

(5)  ~~*Review by the Supreme Court of Florida.*  The Supreme Court of Florida will review and act on the referee's findings and recommendations regarding interim probations on receipt of the referee's report.  Briefing schedules following the petition for review are as set forth in subchapter 3-7 of these rules.~~

**(c) – (e)**  [No Change]

## RULE 3-5.4.  PUBLICATION OF DISCIPLINE

**(a) – (d)**  [No Change]

### Comment

All disciplinary sanctions as defined in rules 3-5.1 and 3-5.2, or their predecessors, entered in cases opened on or after March 17, 1990 are public information. Therefore, an inquiry into the conduct of a member of the bar will result in a disclosure of all these sanctions.

The public policy of this state is to provide reasonable means of access to public information. In furtherance of this policy, this rule is enacted so that all persons may understand what public information concerning lawyer disciplinary sanctions is available and in what format. This rule does not alter current court procedure or other requirements.

Admonishments are issued for minor misconduct and are the lowest form of disciplinary sanction. An admonishment is often issued for technical rule violations or for rule violations that did not result in harm. The court's orders imposing admonishments contain the heading "Not to be Published" and this rule directs that those admonishments not be published in the *Southern Reporter* and directs The Florida Bar not to publish those admonishments in its newspaper, *The Florida Bar News.* The court does so in order to maintain a tangible difference between the sanctions of admonishment and public reprimand.

This rule does not bar disclosure of admonishments in response to an inquiry, whether written, oral, or electronic, and does not bar publication of admonishments on any website of The Florida Bar.

**RULE 3-7.7.  PROCEDURES BEFORE SUPREME COURT OF FLORIDA**

All referee reports and all judgments entered in proceedings under these rules are subject to review by the Supreme Court of Florida in the following manner.

**(a) – (b)**    [No Change]

**(c)   Procedure for Review.**  The Supreme Court of Florida will conduct its review using the following procedures.

(1) – (2)    [No Change]

(3)    *Briefs.*  The party first seeking review must file a brief in support of the notice of intent to seek review within 30 days of the filing of the notice.  The opposing party must file an answer brief within ~~20~~30 days after the service of the initial brief of the party seeking review, which must also support any cross-notice for review.  The party originally seeking review may file a reply brief within ~~20~~30 days after the service of the answer brief.  The cross-reply brief, if any, must be served within ~~20~~30 days of the reply brief's filing.  Computation of time for filing briefs under this rule follows the applicable Florida Rules of Appellate Procedure.  The form, length, binding, type, and margin requirements of briefs filed under this rule follow the requirements of Fla. R. App. P. 9.210.

(4) – (7)    [No Change]

**(d) – (h)**    [No Change]

## Comment

[No Change]

## RULE 3-7.18.    DISPOSITION OF INQUIRIES OR COMPLAINTS REFERRED TO THE BAR BY MEMBERS OF THE JUDICIARY

**(a)   Definitions.**  Wherever used in this rule, the following words or terms have the following meaning:

(1)    [No Change]

(2)    *Judicial Referral.*  A judicial referral is an inquiry, communication, or complaint questioning the conduct of a member

of the bar submitted to the bar by a member of the judiciary.  The member of the judiciary submitting the referral must have obtained the information about the bar member's conduct during the course of the member of the judiciary's official duties as a judicial officer. A judicial referral also includes a court order, judgment, or opinion specifically referring to the bar a matter questioning the conduct of a member of the bar.  A judicial referral does not include allegations of violations of canons, rules, or law relating to judicial elections.

**(b) – (d)**    [No Change]


## RULE 14-4.1.  ARBITRATION PROCEEDINGS

**(a)    Institution of Proceedings.**  All arbitration proceedings are instituted by filing a written consent to arbitration by written contract between the parties to the arbitration, orders of ~~this court~~the Supreme Court of Florida in proceedings under these Rules Regulating The Florida Bar imposing a sanction or condition of probation, or consent form prescribed in the policies adopted under the authority of this chapter and signed by each party to the controversy.

**(b)**    [No Change]

**(c)    Referral by Intake Counsel or Bar Counsel.**  A case may be referred to the fee arbitration program with the consent of:

(1)    ~~Intake~~intake counsel~~, with the consent of~~ and the parties ~~and concurrence of staff counsel~~; or

(2)    bar counsel, ~~with the consent of~~ the parties~~,~~ and ~~the concurrence of~~ the chief branch ~~staff~~discipline counsel~~, may refer appropriate cases to the fee arbitration program~~.

**(d) – (e)**    [No Change]


## RULE 20-5.1.  GENERALLY

A person is ineligible for registration or renewal of a registration to become a Florida Registered Paralegal if that person:

**(a)**   is currently on the inactive list due to incapacity, is currently suspended or disbarred, or has resigned or been revoked in lieu of discipline from the practice of law in any state or jurisdiction;

**(b) – (h)**   [No Change]


**THE CODE FOR RESOLVING PROFESSIONALISM REFERRALS**

**1.2   Referrals to The Florida Bar.** Minor or isolated instances of unprofessional conduct may be addressed through the informal process described in this code. However, when unprofessional conduct is substantial or repeated, that conduct may be referred to The Florida Bar for a disciplinary investigation into whether the formal disciplinary process should be initiated. In particular, Rule 4-8.4(d) of the Rules Regulating The Florida Bar has been the basis for imposing discipline in these instances. *See e.g., The Florida Bar v. Norkin*, 132 So. 3d 77 (Fla. 2013) (holding that lawyer's unprofessional behavior at numerous hearings violated Rule Reg. Fla. Bar 4-3.5(c) and inappropriate emails and outbursts violated Rule Reg. Fla. Bar 4-8.4(d); *The Florida Bar v. Ratiner*, 46 So. 3d 35 (Fla. 2010) (holding that lawyer's unprofessional deposition conduct violated Rules Reg. Fla. Bar 3-4.3, 3-4.4, 4-3.5, 4-4.4(a), 4-8.4(b), and 4-8.4(d)); *The Florida Bar v. Abramson*, 3 So. 3d 964 (Fla. 2009) (holding that lawyer's disrespectful and confrontational conduct toward a judge and jury violated Rules Reg. Fla. Bar 4-3.5(a), 4-3.5(c), 4-8.2(a), 4-8.4(d)); and *The Florida Bar v. Martocci*, 791 So. 2d 1074 (Fla. 2001) (holding that lawyer's disparaging and profane remarks to opposing party and counsel violated Rule Reg. Fla. Bar 4-8.4(d)). The bar must refer back to the appropriate circuit LPP for handling through its informal process any conduct that an LPP referred to the bar that does not result in bar disciplinary proceedings or diversion to a practice and professionalism program in lieu of discipline, but for

~~which the bar determines prosecution through the disciplinary process is not warranted, to the LPP for the appropriate circuit for handling through the informal process described in this code~~.