OVERTON, Justice.
We have before us The Florida Bar’s request to modify the continuing legal education requirement, including the modifications which we required in our March 19, 1987 opinion. 510 So.2d 583. In that opinion, we approved in principle the proposed mandatory continuing legal education pro *586 gram, but directed that it be modified in the following particulars:
(1) a separate mandatory judicial educational requirement should be established in the judicial administration rules for the Florida judiciary, administered by the Florida Court Education Council, rather than through the proposed Integration Rule; (2) the full-time federal judiciary should be exempt; (3) a special provision should be prepared relating to continuing education for full-time government lawyers; and (4) this entire plan should be reviewed by this Court three years from the date the program is implemented.
With regard to the first requirement concerning mandatory education for the state judiciary, this Court will consider that program in a separate judicial administrative rule proceeding in the immediate future. The modified proposed rules have now satisfied our concerns of the second and third items by exempting the federal judiciary and including a special provision for government lawyers.
We hereby approve the attached continuing legal education requirement rule, to be effective January 1, 1988, and direct that The Florida Bar provide a comprehensive review of this continuing legal education program during the year 1991 and file its report with this Court no later than December 81, 1991.
It is so ordered.
MCDONALD, C.J., and EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
CONTINUING LEGAL EDUCATION REQUIREMENT RULE
6-10.1 Continuing legal education requirement.
(a)Preamble. It is of primary importance to the public and to the members of The Florida Bar that attorneys continue their legal education throughout the period of their active practice of law. To accomplish that objective, each active member of The Florida Bar (hereinafter referred to as “member”) shall meet certain minimum requirements for continuing legal education.
(b) Effective date. Continuing legal education requirements established by this rule shall become effective on January 1, 1988.
(c) Reporting requirement. Each member except those exempt under rule 6-10.-3(c)(4) and (5) shall report compliance with continuing legal education requirements in the manner set forth in the policies adopted for administration of this plan.
(d) Fees. The board of governors of The Florida Bar may require a reasonable fee to be paid to The Florida Bar in connection with each member’s report concerning compliance with continuing legal education requirements.
(e) Rules. The board of certification, designation and education of. The Florida Bar shall adopt policies necessary to implement continuing legal education requirements subject to the approval of the board of governors.
6-10.2 Administration.
(a) Board of certification, designation and education. The board of certification, designation and education shall administer the continuing legal education requirements as herein provided. Any member affected by an adverse decision of the board of certification, designation and education may appeal as provided in rule 6-2.-11.
(b) Delegation of authority. The board of certification, designation and education may delegate to the staff of The Florida Bar any responsibility set forth herein, except that of granting a waiver or exemption from continuing legal education requirements.
(c) Scope of board of certification, designation and education activities. The board of certification, designation and education shall cooperate with and answer inquiries from staff pertaining to continuing legal education requirements and make recommendations to the board of governors concerning continuing legal education requirements, including but not limited to:
(1) Approved education courses;
*587 (2) Approved alternative education methods;
(3) Number of hours credit to be allowed for various education efforts;
(4) Established educational standards for satisfaction and completion of approved courses;
(5) Additional areas of education and/or practice approved for credit under continuing legal education requirements;
(6) Modification or expansion of continuing legal education requirements;
(7) Adoption of additional standards or regulations pertaining to continuing legal education requirements;
(8) Amount of reporting or delinquency fees; and
(9) General administration of continuing legal education requirements.
(d) Maintenance of records. The Florida Bar shall maintain a record of each member’s compliance or noncompliance with continuing legal education requirements.
6-10.3 Minimum continuing legal education standards.
(a) Applicability. Every active member except those exempt under rule 6-10.3(c)(4) and (5) shall report concerning compliance with continuing legal education requirements and subject only to the exemptions contained herein, every active member shall comply with the educational requirements of the continuing legal education requirements.
(b) Minimum hourly continuing legal education requirements. Each member shall complete a minimum of thirty (30) credit hours of approved continuing legal education activity every three (3) years. Two (2)of the hours must be in the area of legal ethics.
(c) Exemptions.
(1) Active military service.
(2) Undue hardship.
(3) Nonresident members not delivering legal services or advice on matters or issues governed by Florida law.
(4) Members of the full-time federal judiciary.
(5) Justices of the Florida Supreme Court and judges of the district courts of appeal, circuit and county courts and such other judicial officers and employees as may be designated by the Supreme Court.
(d)Course approval. Course approval for credit shall be as set forth in policies adopted pursuant to this rule; provided that special policies shall be adopted for courses sponsored by governmental agencies for employee attorneys, which policies shall exempt such courses from any course approval fee and may exempt said courses from other requirements as determined by the board of certification, designation and education.
(de) Accreditation of hours. Accreditation shall be as set forth in the policies adopted pursuant to this rule. If a course is presented or sponsored by or has received credit approval from an organized state bar (whether integrated or voluntary), such course shall be deemed an approved course for purposes of this rule and payment of a course approval fee shall not be required.
(f) Full-time government employees. Credit hours shall be given full-time government employees for courses presented by governmental agencies. Application for credit approval may be submitted by the full-time government attorney before or after attendance, without charge. 6-10.4 Reporting requirements.
(a) Reports required. Each member except those exempt under rule 6-10.3(c)(4) and (5) shall file a report showing compliance or noncompliance with continuing legal education requirements. Such report shall be in the form prescribed by the board of certification, designation and education.
(b) Time for filing. The report shall be filed with The Florida Bar no later than the last day of such member’s applicable reporting period as set forth in the rules and regulations.
6-10.5 Noncompliance and sanctions.
(a) Extended time for compliance. If a member fails to complete the minimum required continuing legal education hours by the end of the applicable reporting period, *588 the report of noncompliance shall be accompanied by a specific plan for completing the necessary hours within one hundred twenty (120) days of the reporting date or the member shall establish eligibility for an exemption under rule 6-10.3(c). Any specific plan shall be deemed approved by the board of certification, designation and education unless within thirty (30) days after receipt of the report, the board of certification, designation and education notifies the member that the plan has not been approved. Completion of a specific plan shall be reported by the member to the board of certification, designation and education no later than fifteen (15) days following the expiration of the applicable time for the plan. Failure of the member to complete the plan within the specified time or to report within the time set forth for reporting such completion shall invoke the sanctions set forth below.
(b) Notice of noncompliance. If a member fails to comply with these rules in any respect the board of certification, designation and education shall promptly send a notice of noncompliance to such member. The notice shall specify the nature of the noncompliance and state that if a specific plan is not submitted or if a hearing to establish an exemption or show reasonable cause for noncompliance is not requested, the member’s name shall be filed with the Supreme Court of Florida. The Florida Bar shall recommend that all members on such list be treated in the same manner as members delinquent in the payment of dues. Nothing contained in this paragraph shall be construed to extend the periods of time for completing a specific plan as set forth in paragraph (a) above.
(c) Hearing on notice of noncompliance. If a hearing is requested, such hearing shall be governed by section 6.11 of the policies adopted pursuant to this rule. The party requesting the hearing may be represented by counsel. Witnesses shall be sworn, and, if requested by the affected member a complete electronic record or transcript of the proceedings and testimony shall be made, at the expense of the affected member. If it is determined that compliance has been accomplished, the matter shall be dismissed and the board of certification, designation and education’s records shall reflect such compliance.
(d)Procedures upon noncompliance after hearing. If it is determined after hearing that compliance has not been accomplished the board of certification, designation and education shall:
(1) If reasonable cause for noncompliance has been determined, allow the member requesting a hearing fifteen (15) days to file a specific plan for correcting the noncompliance. Such specific plan shall require compliance within one hundred twenty (120) days following the filing of the specific plan. Unless the board of certification, designation and education rejects the specific plan within thirty (30) days after its filing, the specific plan shall be deemed accepted. Evidence of completion of the plan shall be reported to the board of certification, designation and education not later than fifteen (15) days following the expiration of the time period for such specific plan. If the member fails to file an acceptable specific plan or fails to complete the plan within the time provided or fails to file evidence of completion of the plan within the time provided, the board of certification, designation and education shall proceed as though there was no reasonable cause for noncompliance.
(2) Upon a finding by the board of certification, designation and education of no reasonable cause for noncompliance, file a record of the matter, including a copy of the findings and determination and recommendation of the board of certification, designation and education with the Supreme Court of Florida. Notice of the findings of the board of certification, designation and education shall be served on the affected member of the Bar.
(3) Upon filing of a notice of confirmation of noncompliance or of the record of a board of certification, designation and education hearing determining noncompliance, the Supreme Court of Florida shall enter an order as it deems *589 appropriate, which may include suspension.
(e) Appeal to the board of governors. A decision of the board of certification, designation and education may be appealed to the board of governors of The Florida Bar. Appeals to the board of governors shall be governed by the policies promulgated under these rules.
(f) Appeal to the Supreme Court of Florida. A decision of the board of governors may be appealed by the affected member to the Supreme Court of Florida. Appeals to the Court shall be governed by the policies promulgated under these rules.
(g) Exhaustion of remedies. A member must exhaust each of the remedies provided under these rules in the order enumerated before proceeding to the next remedy.
(h) Tolling time for compliance. An appeal shall toll the time a member has for showing compliance with continuing legal education requirements.
6-10.6 Reinstatement. Any member suspended from the practice of law for failure to meet continuing legal education requirements may be reinstated by the Court upon a showing that the noncompliance has been corrected and upon payment to the board of certification, designation and education of a uniform reinstatement fee, as established by the board of governors.
6-10.7 Confidentiality. Unless directed otherwise by the Supreme Court of Florida, the files, records and proceedings of the board of certification, designation and education, as they relate to or arise out of any failure of a member to satisfy the continuing legal education requirements, shall be deemed confidential and shall not be disclosed, except in the furtherance of the duties of the board of certification, designation and education or upon request of the member, in writing, or as they may be introduced in the evidence or otherwise produced in proceedings under these rules. Nothing herein shall be construed to prohibit The Florida Bar from advising that a member has been suspended from the active practice of law for failure to meet continuing legal education requirements.
6-10.8 Disciplinary action. The board of certification, designation and education may refer misrepresentation of a material fact concerning compliance with or exemption from continuing legal education requirements for disciplinary proceedings under chapter 3 or chapter 4 of the Rules Regulating The Florida Bar.
POLICIES
600 FLORIDA CONTINUING LEGAL EDUCATION REQUIREMENTS
6.01 Administration.
(a) The BCDE shall administer the CLER program.
(b) The BCDE shall advise each member of such member’s reporting date.
6.02 Reports.
(a) Time for filing. All reports shall be filed no later than the last day of the member’s applicable reporting period.
(b) Staggered reporting periods. To implement the orderly administration of CLER the board of governors may provide for staggered periods for reporting compliance with CLER.
(c) Form and content. Reports shall be typewritten on forms approved by the board of governors. Each question shall be answered or shown as “not applicable.”
(d) Reporting compliance. In reporting compliance, the member shall provide the following information regarding each CLE activity:
(1) Title and sponsor;
(2) Date and location;
(3) Involvement;
(4) Number of approved CLER credit hours; and
(5) Other activity constituting CLE credit.
(e) Specific plan for compliance. If the member has not complied with the requirements of the program, at the time of filing a report, he shall include a specific plan outlining how compliance will be accomplished. Compliance shall be accomplished within one hundred twenty (120) days of the reporting date.
*590 (f) Supplemental information. To ascertain compliance the BCDE or staff may require the member to provide information in addition to that called for on the reporting form.
(g) Division of membership for reporting purposes. The membership of The Florida Bar will be divided into three (3) groups which shall report compliance as set forth below:
(1) Each group shall be divided into twelve (12) approximately equal subgroups which will each report in the month assigned.
(2) Each subgroup of groups one, two and three shall report on or before the last day of the month indicated below:
[The following-assumes that the effective date is July. These dates can be altered according to the actual-effective date-if■ different.]
[[Image here]]
(3) Group one shall report completion of ten (10) hours of approved CLER credit on or before [one-year from effective date} January 1, 1989 and shall report completion of thirty (30) hours of approved CLER credit each three (3) years thereafter in the month assigned under (2) above.
(4) Group two shall report completion of twenty (20) hours of approved CLER credit on or before [two years from effective date] January 1, 1990 and shall report completion of thirty (30) hours of approved CLER credit each three (3) years thereafter in the month assigned under (2) above.
(5) Group three shall report completion of thirty (30) hours of approved CLER credit on or before [three years from effective date] January 1, 1991 and shall report completion of thirty (30) hours of approved CLER credit each three (3) years thereafter in the month assigned under (2) above.
(6)The Florida Bar shall distribute forms for reporting compliance at least ninety (90), but no more than one hundred and twenty (120) days prior to a member’s reporting deadline.
(h) Processing. The BCDE shall conduct a preliminary review of each report.
(1) A member not in compliance with the CLER shall be notified in writing. Noncompliance shall include but not be limited to the filing of an incomplete report.
(2) Only members not in compliance shall receive notice from The Florida Bar.
(i) Exemptions. The following members are exempt from compliance with CLER:
(1) A member on extended active military service during the applicable reporting period who files a report establishing that status. A member exempt under this section shall not engage in the delivery of legal services within the State of Florida or give advice on matters of Florida law except as required by his military duties.
(2) A member who establishes to the satisfaction of the BCDE special circumstances unique to that member which constitute undue hardship. Such member shall report, in the form prescribed, such special circumstances constituting undue hardship. Upon receipt of a timely filed report the BCDE shall review the special circumstances unique to the member and determine whether same constitute undue hardship, thereby exempting said active member from CLER for the applicable period of the report. If the BCDE determines no undue hardship exists, the member shall file a specific plan for compliance as required by rule 6-6.5, Rules Regulating The Florida Bar.
(3) A member who has permanently resided outside the State of Florida, who has not engaged in the delivery of legal services within the State of Florida *591 for the preceding year, who has not given advice or rendered services on matters or issues involving or determined by Florida procedural or substantive law for such preceding year, and who intends to continue such status for the next succeeding twelve (12) months shall, upon request and satisfactory certification of such facts to the BCDE, be exempt from complying with CLE as established by this rule. A member exempted under this section shall not engage in the delivery of legal services within the State of Florida or give advice on matters of Florida law.
(4) Members of the full-time federal judiciary.
(5) Justices of the Supreme Court of Florida and judges of the district courts of appeal, circuit and county courts and such other judicial officers and employees as may be designated by the Supreme Court.
(4 6) A member exempted under sections 6.02(i)(l) or 6.02(i)(3) shall demonstrate compliance with this rule and completion of thirty (30) hours of CLER before such member may engage in the delivery of legal services within the State of Florida or give advice or render services on matters or issues involving or determined by Florida procedural or substantive law. In order to renew an exemption under sections 6.02(i)(l), 6.02(i)(2) or 6.02(i)(3) of this provision for the next reporting period, a member shall recertify the continuing existence and application of the factual status upon which an exemption under this paragraph was last approved and request renewal of such exemption. Nothing herein shall be construed to be in opposition to rule 2.060, Fla.R.Jud.Admin., dealing with practice by foreign attorneys.
(7) A member exempted under section 6.02(i)(4) and (5) shall not be subject to the provisions of (6) next above. Members exempt under 6.02(i)(4) and (5) shall be assigned a reporting period at the expiration of that exemption.
6.03 CLER Fees.
(a) Late fee. Any report filed or postmarked after the deadline for such report shall be deemed late and an additional fee of twenty-five dollars ($25.00) shall be assessed for processing the late report.
(b) Course approval fee — sponsors. A nonrefundable fee of one hundred dollars ($100.00) per course shall be paid by sponsors seeking CLER credit. Local and state bar associations or groups, governmental agencies and those course sponsors approved under paragraph 6.05(g) of these policies, shall be exempt from the payment of course approval fees. Sponsors of courses previously approved for designation or certification credit will not be required to pay an additional course approval fee. No course approval fee is required for courses offered at no charge to participants.
6.04 Calculation and allowance of educational credit.
(a) Calculation of one hour. Fifty (50) minutes is equivalent to one credit hour.
(b) Carry-over prohibited. The CLE required to maintain active membership in The Florida Bar must be taken after the previous reporting period and within the current reporting period or extension. CLER credit may not be counted for more than one reporting period and may not be carried forward to subsequent reporting periods.
(c) Request for extension. If a member requests extended time for compliance under rule 6-6.5, Rules Regulating The Florida Bar, CLE received before the expiration date may be considered along with other factors relative to the propriety of an extension.
(d) Reasonable cause. Any extension must be based upon a showing of reasonable cause for noncompliance during the normal reporting period.
(e) Evidence of compliance. A report in proper form showing participation in thirty (30) hours of approved CLE including the two-hour ethics requirement shall constitute compliance with CLER.
*592 6.05 Course approval administration.
(a) Application for approval. To apply for approval of a course under CLER, the sponsoring organization shall submit an application containing a description of the course and a description of the sponsoring organization with appropriate supporting documentation. An application should be submitted well in advance of the advertising of the course if the advertising materials are to contain a statement regarding approval.
(b) Approval fee. The course approval request shall be accompanied by a fee of one hundred dollars ($100.00) for all sponsors seeking course approval and not otherwise exempt under the CLER rule or these policies. Authorization for the evaluation fee has been granted by the Supreme Court of Florida.
(c) Incomplete applications. A course will not be evaluated if the sponsor does not submit all of the information required in the application.
(d) Authority of staff. Staff shall make an administrative ruling granting or denying approval in accordance with standards adopted by the BCDE, and may refer the application to an advisory committee for assistance in making its decision. Staff shall refer novel questions or matters of first impression to the BCDE. The BCDE may waive any standard if it finds the waiver would be in the best interest of the CLER program.
(e) Notice of approval. Approval shall include a statement of the number of hours of credit awarded.
(f) Courses approved for designation or certification. Separate approval is not required for credit under CLER if the course has received designation or certification credit.
(g) List of approved sponsors. The BCDE may develop a list of sponsors whose courses shall be deemed “approved” for CLER credit purposes. Such list shall be limited to courses offered out-of-state, which must relate solely to an area of substantive or procedural law or professional responsibility and which must be sponsored or sanctioned by organized state bars or not-for-profit organizations created or sanctioned by such state bars or members of the Association of Continuing Legal Education Administrators.
6.06 Credit requests
(a) Requests for credit. An individual may request CLER credit for a course which has not been previously approved.
(b) Audio or video cassettes. CLER credit for study involving previously unapproved audio or video cassettes may be given in the same manner as for live CLE courses. Credit will be granted in the same manner as course approvals.
Members shall be entitled to the same CLER credit for viewing a videotape or listening to an audiotape as for attending the approved live program.
The “life" of an audio-video tape is eighteen (18) months. That period may be extended if the subject matter represents the current status of the law.
6.07 Course approval standards. The BCDE shall approve CLE activities consistent with the following guidelines:
(a) Such CLE activities shall have significant intellectual or practical content and the primary objectives thereof shall be to increase or maintain the participant’s professional competence as a lawyer;
(b) The CLE activity shall constitute an organized program of learning dealing with matters directly related to the practice of law, professional responsibility or ethical obligations of lawyers; and
(c) The CLE activity shall have materials which are prepared and activities conducted by an individual or group qualified by practical or academic experience in a setting physically suitable to the educational activity of the program. High quality and carefully prepared written materials should be distributed to all attendees at or before the time the CLE activity is conducted. It is recognized that written materials are not suitable or readily available for some types of subjects; the absence of written materials for distribution should, however, be an exception.
*593 6.08 Credit approval.
(a) Courses for nonlawyers. A course designed for an audience other than attorneys may receive less than full credit.
(b) Courses on nonlaw subjects. A course on a nonlaw subject may be approved for appropriate credit if knowledge of the subject would enhance the proficiency of a lawyer in the performance of legal services in the area.
(c) Ethics credit. For an activity to qualify for ethics credit, it must be at least twenty-five (25) minutes in length, which shall be equal to one-half hour of CLER credit.
(d) Demonstrations and moot court. Trial and appeal demonstrations and moot court participation may be given the same credit that would be given for lectures on the same subject.
(e) Law office management and economics. Any six-hour generalized law office economics seminar may receive two (2) hours of CLER credit if it otherwise meets the standards set by the BCDE. Additional credit may be awarded if the program deals with a specific area of law.
(f) University courses — attendance and institution.
(1) The following formula shall be used to calculate credit for attendees and instructors of approved law school, graduate law and graduate nonlaw courses:
(a) Attendance. Two (2) times university assigned quarter hours; three (3) times university assigned semester hours.
(b) Instruction. Four (4) times university assigned quarter hours; five (5) times university assigned semester hours.
(2) Credit for teaching university courses shall not exceed one-half the hours required to comply with the CLER requirement within a three year period.
(3) For courses taught by an individual more than once during a three-year period, credit shall be reduced fifty (50) percent each time the course is repeated.
(g) Laws of other states. Credit may be given for a course or part of a course whose content is exclusively the law or procedure of another state or territory of the United States.
(h) Legal drafting. Courses on legal drafting may be approved if the course content reasonably relates to the preparation of any legal document related to the rendering of legal services.
6.09 Credit for other CLE activities.
(a) Lecture.
(1) Satisfactory performance as a lecturer in an approved CLE seminar may entitle an attorney to credit.
(2) A lecturer may receive five (5) hours of credit for a one-hour presentation provided at least five (5) hours were devoted to research and preparation.
(3) More than five (5) hours of credit may be awarded if the contribution was extraordinary, complex and time consuming. The amount of credit will be based upon the effort involved and the percentage of preparation and presentation time determined to have enhanced the contributor's proficiency in his or her law practice.
(4) Repetition of a presentation after the first delivery may be a basis for additional CLER credit.
(b) Workshop leader or panelist.
(1) Satisfactory performance as a workshop leader or panelist in an approved CLE activity may entitle an attorney to CLER credit.
(2) The amount of CLER credit will be based upon the effort involved and the percentage of preparation and presentation time determined to have enhanced the contributor’s proficiency in the practice of law.
(c) Writing.
(1) Credit may be granted for writing articles, books and chapters in books.
(2) The amount of credit awarded will be based upon the effort involved and the percentage of preparation time determined to have enhanced the contributor’s proficiency in the practice of law.
*594 (d) Legislative service.
Credit for CLER will be given for service as a state or federal legislator at the rate of ten (10) hours of CLER credit for each full year of such service during the applicable reporting period.
6.10 Complimentary audiotapes.
Each year, The Florida Bar shall prepare audiotapes of approved CLE material which will fulfill the entire CLE credit requirement for such year. During the first week of January of each year, the audiotapes shall be provided to each county law library or voluntary bar association, without charge or cost, and these recipients shall make the audiotapes available to all members without charge to such member(s). Copies of such tapes shall also be provided without charge or cost to oút-of-state bar associations whose members desire use of same to comply with CLER, provided the out-of-state bar association demonstrates a need and agrees to provide the tapes at no cost to members of The Florida Bar. A copy of these tapes may be purchased by any member from The Florida Bar at the cost to The Florida Bar.
6.11 Procedures on noncompliance and appeal.
(a) Determination of noncompliance. Reports shall be reviewed to determine compliance. Noncompliance shall include, but not be limited to, incomplete reports, unex-ecuted reports, failure to timely file a report and failure to report sufficient CLER credit without a specific plan for compliance.
(b) Notice of noncompliance. The BCDE shall prepare and serve notice of noncompliance on a member determined to be in noncompliance. Notice shall be effective if in writing and served at the member's record bar address or last known address, if any.
(c) Hearing on noncompliance. A member shall have thirty (30) days from service of the notice of noncompliance within which to request a hearing or show compliance. All hearings shall be held within thirty (30) days of filing the request for hearing. Notice of the time and place of hearing shall be given at least ten (10) days in advance. The hearing shall be held as soon as practical and may be heard by any panel or combination of panels of the BCDE. The member and The Florida Bar shall be the parties in the hearing.
(d) Finding and recommendation of BCDE. The panel shall make findings of fact and a determination of whether compliance has been accomplished. The panel’s findings and determination shall be deemed the findings and determination of the BCDE.
The member of the BCDE who presided over and conducted the hearing shall report the findings of fact and determination of whether the member has complied with these rules and upon a finding of noncompliance shall determine whether there was reasonable cause for such noncompliance. A copy of the report shall be served on the member in the same manner as the notice of noncompliance.
(1) Determination of noncompliance. If noncompliance has been determined, but reasonable cause exists therefor, the member may be allowed fifteen (15) days in which to submit a specific plan for compliance. A specific plan shall require compliance within one hundred twenty (120) days of filing the plan. Staff shall review the plan, and unless rejected within thirty (30) days from filing, the specific plan shall be deemed accepted.
Failure to timely file a specific plan or failure to verify compliance with a specific plan within fifteen (15) days from time for completion, shall confirm the determination of noncompliance. Staff shall file a notice of confirmation of noncompliance in the Supreme Court of Florida.
(2) Determination of compliance. If compliance has been determined, the report of the member shall be accepted. Notice of acceptance of the report shall be filed with the Supreme Court of Florida.
(e) Suspension for noncompliance. In cases where notice of noncompliance or notice of confirmation of noncompliance has *595 been filed with the Supreme Court of Florida, the Court may enter an order suspending the member from the practice of law in Florida.
(f) Appeals. An appeal from a determination of the BCDE or the board of governors may be taken by the affected member.
(1)Appeal of BCDE decision.
a. Commencement. An appeal shall be commenced by petition filed with the executive director of The Florida Bar. The notice shall: (1) identify the decision of the BCDE by its date and nature; (2) contain a statement of the relief to which petitioner deems himself entitled; and (3) include copies of all supporting documents that were submitted to the BCDE by the petitioner. The notice shall contain statements of facts, argument and citations to authority.
b. Time for appeal. An appeal shall be commenced within thirty (30) days of mailing of notice of the BCDE decision.
c. Filing of appeal; filing fee. A fee of seventy-five dollars ($75.00) payable to The Florida Bar shall be paid when the petition is filed. The filing may be accomplished by mail to the Executive Director, The Florida Bar, Tallahassee, Florida 32301. Filing by mail shall be complete upon receipt.
d. Answer. An answer to the petition on behalf of the BCDE may be served on the petitioner within thirty (30) days after the petition has been filed with the executive director. Service by mail shall be complete upon mailing. The answer shall contain statements of fact, argument, and citations to authority.
e. Reply. The petitioner may file a reply within twenty (20) days of service of the answer.
No further pleadings shall be permitted.
f.Consideration of appeal.
i. Time of meeting. The board of governors shall consider the appeal at its next regularly scheduled meeting held twenty (20) days after the time for filing a response by the BCDE has expired. The executive director shall furnish notice, by mail, of the meeting to the board of governors, the affected member and the BCDE. The notice shall be mailed no more than fifteen (15) days prior to the date the board of governors will consider the appeal.
ii. Record. The executive director shall furnish to the board of governors:
1. A copy of the BCDE decision;
2. A copy of the petition and all supporting material furnished by the petitioner;
3. A copy of the BCDE’s answer and supporting material; and
4. A copy of the reply, if any.
iii. Oral argument. Oral argument may be requested by the affected member at the time of filing appeal from the BCDE’s decision. The BCDE shall have the right of oral argument only if same is requested by the affected member. If the affected member does not request oral argument, the board shall make its decision solely upon the basis of the pleadings and materials before it.
iv. Board of governors* decision. Consideration by the board of an appeal is in the nature of en banc proceeding. The decision of the board shall be by a majority of those members voting. All members present at the meeting may participate in the discussion and deliberation by the board on the appeal. Members of the board who serve on the BCDE are recused from voting on the appeal.
v. Notice of decision. The executive director shall give notice, by certified mail, to the petitioner and the BCDE of the board’s decision within fifteen (15) days of the board meeting.
(2) Evidence. No evidence may be presented at any stage of the appeal that was not presented to the BCDE before its decision.
(3) Computation of time. In computing any period of time prescribed or allowed by these rules, the provisions of rule 9.420 of the Florida Appellate Rules and the definition of “legal holiday” provided by rule 9.420(e) of those rules, shall apply.
*596 (4) Appeal to the Supreme Court of Florida. An appeal to the Supreme Court of Florida of the board of governors’ decision may be taken by an affected member. Such appeal shall be by petition filed within thirty (30) days of the service of the board of governors’ decision. The Florida Rules of Appellate Procedure shall govern such appeals.
6.12 Reinstatement. A suspended member may be reinstated upon payment of a reinstatement fee of two hundred fifty dollars ($250.00) dollars, petition to the BCDE and certification by the BCDE of compliance with CLER. The issue of compliance shall be determined by a panel of the BCDE in the same manner as in section 6.11 above. A finding of noncompliance and denial of reinstatement may be reviewed as provided in section 6.11.
6.13 Confidentiality. All records, files and proceedings on noncompliance shall be confidential. Disclosure of the existence of proceedings on noncompliance may be made in response to inquiries regarding the status of the member on written request of the member, and as far as is necessary for the BCDE to develop facts and determine the issue of compliance with CLER.
6.14 Rules of procedure and burden of proof. All hearings before the BCDE shall be conducted under the Florida Rules of Civil Procedure and rules of evidence applicable to disciplinary proceedings. At all hearings the member shall have the burden of proving compliance.