# Supreme Court of Florida

_____

No. SC2023-0884

_____

**IN RE: CODE FOR RESOLVING PROFESSIONALISM REFERRALS AND AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 6-10.3.**

July 6, 2023
**<u>CORRECTED OPINION</u>**

PER CURIAM.

In May 2021, The Florida Bar created the Special Committee for the Review of Professionalism in Florida. The Special Committee's charge was to consider the state of professionalism among Florida lawyers and to develop recommendations for this Court and The Florida Bar on: the teaching of professionalism throughout a lawyer's career; the content of Florida's professionalism standards; and the enforcement of those standards. The Court is grateful for the Special Committee's hard work and its thorough and thoughtful report and recommendations.

A key focus of the Special Committee's study was the Code for Resolving Professionalism Complaints, which this Court adopted in

2013 and later amended twice. *See In re Code for Resolving Professionalism Complaints*, 116 So. 3d 280 (Fla. 2013); *In re Amend. Code for Resolving Professionalism Complaints*, 156 So. 3d 1034 (Fla. 2015); *In re Amends. Code for Resolving Professionalism Complaints*, 174 So. 3d 995 (Fla. 2015). The Special Committee has proposed that the Court replace the 2013 Code with a new code, the Code for Resolving Professionalism Referrals. The Special Committee also asks the Court to amend Florida's Professionalism Expectations and Rule Regulating The Florida Bar 6-10.3 (Minimum Continuing Legal Education Standards). We grant the Special Committee's requests with modifications.[1]

First, the Court replaces the 2013 Code with the Code for Resolving Professionalism Referrals. This new code will clarify and enhance the important role of local professionalism panels, entities that are independent of The Florida Bar and established in each circuit for the purpose of informally resolving referrals of claimed

---

1. We have jurisdiction. Art. V, § 15, Fla. Const. ("The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted.").

unprofessional conduct by lawyers practicing in that circuit. Importantly, the code we adopt today clarifies the distinction between the informal local professionalism panel process and the formal grievance process for investigating and adjudicating possible violations of the Florida Rules of Professional Conduct. The Court agrees with the Special Committee that the informal, peer-to-peer mentoring approach offered by local professionalism panels can materially improve professionalism among Florida lawyers.

Second, we amend the Professionalism Expectations as recommended by the Special Committee. The Professionalism Expectations are one of four sources that make up the standards of professionalism in Florida; the other sources are the Oath of Admission to The Florida Bar, The Florida Bar Creed of Professionalism, and the Rules Regulating The Florida Bar. The revised Professionalism Expectations that we adopt today emphasize that Florida's professionalism standards apply to all forms of communication, including online communication, and to both in-person and remote (video or audio) interactions with others.

Third, we amend Bar Rule 6-10.3(b) (Minimum Hourly Continuing Legal Education Requirements). The existing CLE rule

- 3 -

generally requires Bar members to complete a minimum of 33 credit hours of approved continuing legal education activity every three years. The existing rule further mandates that at least one of the 33 hours consists of an approved professionalism program. Adopting in part a recommendation of the Special Committee, today we amend the CLE rule to require Bar members to complete, during each reporting cycle, a two-hour legal professionalism course produced by The Florida Bar and approved by this Court. This two-hour course, which the Bar will offer free of charge, replaces the existing one-hour professionalism program requirement.

Finally, the Court on its own motion today makes two additional changes to the existing CLE rule. First, the overall CLE requirement is reduced to 30 hours per reporting cycle. This change restores the required hourly total in place when the Court first imposed mandatory CLE in 1987, and it aligns the total CLE hours requirement for lawyers with the corresponding continuing education requirement for judges. *See Fla. Bar re Amend. to R. Regulating Fla. Bar (Continuing Legal Educ.)*, 510 So. 2d 585 (Fla. 1987); Fla. R. Gen. Prac. & Jud. Admin. 2.320(b)(2).

Second, the current CLE rule says in part that "[a]t least 5 of the 33 credit hours must be in approved legal ethics, professionalism, bias elimination, substance abuse, or mental health and wellness programs." Today the Court amends the rule by removing "bias elimination" from that list. The Court believes that non-discrimination principles and civility can and should be addressed in the context of legal ethics and professionalism. Courses in "bias elimination" that meet The Florida Bar's general course approval requirements will continue to count toward the fulfillment of Bar members' overall 30-hour CLE requirement; but such courses will no longer count toward fulfillment of the five-hour sub-requirement specified in the rule.

We hereby adopt the Code for Resolving Professionalism Referrals as reflected in Appendix A, which replaces the 2013 Code for Resolving Professionalism Complaints. We also hereby amend the Professionalism Expectations as reflected in Appendix B and Rule Regulating The Florida Bar 6-10.3 as reflected in Appendix C. In Appendices B and C, new language is indicated by underscoring, while deletions are indicated by struck-through type.

The Code for Resolving Professionalism Referrals and the amendments to the Professionalism Expectations are effective immediately. The amendments to Bar Rule 6-10.3 shall be effective January 8, 2024. Any "bias elimination" courses taken prior to the effective date of the amendments to Bar Rule 6-10.3 will count toward a member's fulfillment of the five-hour sub-requirement for the member's applicable reporting cycle. For any member who has less than three months remaining in his or her CLE reporting cycle on the effective date of the Bar Rule 6-10.3 amendments, the requirement to take the two-hour Bar-produced course on professionalism will not apply until the member's subsequent reporting cycle.

Because the amendments were not published for comment previously, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before September 19, 2023, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
SASSO, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Code for Resolving Professionalism Referrals and Florida Rules Regulating The Florida Bar

---

Portal.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

# Appendix A

## The Code for Resolving Professionalism Referrals

**Purpose:** This code describes an informal peer-to-peer mentoring process for addressing instances of unprofessional conduct separate and apart from instances of misconduct that require the formal grievance process. This process does not replace the Florida Rules of Professional Conduct or the formal disciplinary process for a violation of those rules as set out in Chapter 3 of the Rules Regulating The Florida Bar. Rather, this code establishes local professionalism panels (LPPs) in each judicial circuit that will receive, screen, and act on referrals of unprofessional conduct; and address those referrals informally, if possible; or refer those referrals to The Florida Bar for investigation.

## 1.0 Unprofessional Conduct and the Standards of Professionalism

**1.1 Definition of Unprofessional Conduct.** Members of The Florida Bar must not engage in unprofessional conduct. "Unprofessional Conduct" means a violation of the Standards of Professionalism. The Standards of Professionalism are found in the *Oath of Admission to The Florida Bar*, *The Florida Bar Creed of Professionalism*, the *Professionalism Expectations*, and the *Rules Regulating The Florida Bar*.

**1.2 Referrals to The Florida Bar.** Minor or isolated instances of unprofessional conduct may be addressed through the informal process described in this code. However, when unprofessional conduct is substantial or repeated, that conduct may be referred to The Florida Bar for a disciplinary investigation into whether the formal disciplinary process should be initiated. In particular, Rule 4-8.4(d) of the Rules Regulating The Florida Bar has been the basis for imposing discipline in these instances. *See e.g.*, *The Florida Bar v. Norkin*, 132 So. 3d 77 (Fla. 2013) (holding that lawyer's unprofessional behavior at numerous hearings violated Rule Reg. Fla. Bar 4- 3.5(c) and inappropriate emails and outbursts violated Rule Reg. Fla. Bar 4-8.4(d); *The Florida Bar v. Ratiner*, 46 So. 3d 35

(Fla. 2010) (holding that lawyer's unprofessional deposition conduct violated Rules Reg. Fla. Bar 3-4.3, 3-4.4, 4-3.5, 4-4.4(a), 4-8.4(b), and 4-8.4(d)); *The Florida Bar v. Abramson*, 3 So. 3d 964 (Fla. 2009) (holding that lawyer's disrespectful and confrontational conduct toward a judge and jury violated Rules Reg. Fla. Bar 4-3.5(a), 4-3.5(c), 4-8.2(a), 4-8.4(d)); and *The Florida Bar v. Martocci*, 791 So. 2d 1074 (Fla. 2001) (holding that lawyer's disparaging and profane remarks to opposing party and counsel violated Rule Reg. Fla. Bar 4-8.4(d)). The bar must refer conduct that an LPP referred to the bar, but for which the bar determines prosecution through the disciplinary process is not warranted, to the LPP for the appropriate circuit for handling through the informal process described in this code.

**2.0 Process for Addressing Unprofessional Conduct Referrals**

**2.1 Initiating Referrals.** Any person may initiate an unprofessional conduct referral against a member of The Florida Bar through the appropriate judicial circuit's local professionalism panel as described in Section 3.0.

**3.0 Processing Referrals of Unprofessional Conduct through a Local Professionalism Panel**

**3.1 Formation.** The chief judge of each judicial circuit will create and maintain in continuous operation a local professionalism panel ("LPP" or "panel") to receive, screen, and act on any referrals of claimed unprofessional conduct and to resolve those referrals informally, if possible, or refer them to The Florida Bar, if necessary. The LPPs are entities independent of The Florida Bar, established in each circuit for the purpose of informally resolving referrals of claimed unprofessional conduct by lawyers practicing in that circuit, including appellate practice and transactional practice.

The chief judge appoints the panel, which must include judges (current or senior, trial or appellate) and local attorneys that are in good standing with The Florida Bar and eligible to practice law from diverse areas of practice with varying levels of experience, but must have practiced law at least 5 years. The chief judge appoints the

LPP Chair. The chief judge or the chief judge's designee also appoints members as necessary to fill LPP vacancies. The chief judge determines the number of members to serve on the LPP.

**3.2 Terms.** LPP members serve staggered 3-year terms. A member may be reappointed to serve 1 additional 3-year term, not to exceed 6 consecutive years. Each term begins on July 1 and runs through June 30 of the third year.

**3.3 Immunity.** The members of the LPP, staff assisting those panels, members of the circuit committees on professionalism, and staff assisting those committees, have absolute immunity from civil liability for all acts in the course and scope of their duties under this code.

**3.4 Education.** The chief judges must facilitate the promotion and education of the lawyers in their respective circuits about the LPPs through local, circuit-wide, CLE program about the role of the LPPs. The members of the LPPs must undergo training by experienced lawyers involved in the The Florida Bar disciplinary process prior to serving on the panels.

**3.5 Required Meetings.** Every other year, beginning in 2023, the chairs, or the member of the panel designated by the chair of each LPP, must meet in person or through the use of remote conferencing to review this code and make any recommendations for change to the Florida Supreme Court, review the forms used by the circuits to maintain uniformity of the forms (allowing for each circuit to modify the forms to meet the needs of the individual circuits), and review the procedures used by the circuits to maintain uniformity of procedures (allowing for each circuit to modify procedures to meet the needs of the individual circuits). The LPPs also must discuss the policies and procedures of the circuits to facilitate continued enhancement of the program. The Florida Bar will organize the biannual conferences.

**3.6 Confidentiality.** Documents and records provided to, and proceedings before, each LPP are confidential. LPP referrals to the

bar do not remain confidential under Rule Regulating The Florida Bar 3-7.1.

**3.7 Reporting.**
(a) Each LPP must file a written report with the chief judge of its circuit, the Florida Supreme Court, and The Florida Bar identifying all professionalism referrals received against a member of The Florida Bar in June and December of each calendar year.
(b) The biannual reports must include the following information for each referral for the six calendar months preceding the month in which the report is due:

> (1) the date of the referral;
> (2) the circuit in which the issue arose;
> (3) a short summary detailing the substance of the referral;
> (4) the relationship of the respondent to the person submitting the referral;
> (5) whether or not the respondent voluntarily participated in the process;
> (6) the resolution, if any, of the referral; and
> (7) whether there were previous referrals against the respondent.

(c) The reports must not include identifying information for the respondent or the party who submitted the referral.

**3.8 Publishing Reports.** The Florida Bar will publish on its website the LPP biannual reports. The chief judge, or the chief judge's designee, will publish on the judicial circuit's website the LPP biannual reports from that circuit.

**Professionalism Expectations**

"Professionalism is the pursuit and practice of the highest ideals and tenets of the legal profession. It embraces far more than simply complying with the minimal standards of professional conduct. The essential ingredients of professionalism are character, competence, commitment, and civility."

-The Florida Bar Standing Committee on Professionalism

**Preamble:**

The professionalism standards in Florida are set forth in (1) these Professionalism Expectations; (2) the Rules Regulating The Florida Bar; (3) The Florida Bar Creed of Professionalism; and (4) the Oath of Admission to The Florida Bar.  The Florida Supreme Court adopted this integrated standard of professionalism to identify the professional behavior expected of lawyers practicing law in Florida. As The Florida Bar grows, it becomes more important to articulate the Bar's professionalism expectations and for Florida lawyers to demonstrate these expectations in practice. The guidance provided in these Professionalism Expectations originates both from (1) the ethical duties established by the Florida Supreme Court in the Rules Regulating The Florida Bar and (2) the long-standing customs of fair, civil, and honorable legal practice in Florida. Where a Professionalism Expectation is coextensive with a lawyer's ethical duty, the expectation is stated as an imperative, cast in the terms of "must" or "must not." Where a Professionalism Expectation is drawn from a professional custom that is not directly provided for in the Rules Regulating The Florida Bar, the expectation is stated as a recommendation of correct action, cast in terms of "should" or "should not." To the Florida Supreme Court and The Florida Bar, lawyer professionalism is:

1. embracing a commitment to serve others;

2. dedicating to properly using knowledge and skills to promote a fair and just result;

3. endeavoring to enhance knowledge, skills, and competence;

4. ensuring that concern for a client's desired result does not subvert the lawyer's fairness, honesty, civility, respect, and courtesy during interactions with fellow professionals, clients, opponents, public officials, members of the judiciary, or the public;

5. contributing skill, knowledge, and influence to further the profession's commitment to service and the public good, including efforts to provide all persons, regardless of their means or popularity of their causes, with access to the law and the judicial system;

6. enhancing the legal system's reputation by educating the public about the profession's capabilities and limits, specifically about what the legal system can achieve and the appropriate methods of obtaining those results; and

7. accepting responsibility for one's own professional conduct and the conduct of others in the profession, including encouraging other lawyers to meet these civility and Professionalism Expectations and fostering peer regulation to ensure that each lawyer is competent and public-spirited.

To reinforce and communicate its expectations of lawyer professionalism among our members, <u>the Florida Supreme Court and </u>The Florida Bar adopt the following Professionalism Expectations:

## 1.    Commitment to Equal Justice Under the Law and to the Public Good

A license to practice law is a privilege that gives the lawyer a special position of trust, power, and influence in our society. This privilege requires a lawyer to use that position to promote the

public good and to foster the reputation of the legal profession while protecting our system of equal justice under the law.

**Expectations:**

1.1 A lawyer should avoid the appearance of impropriety.

1.2 A lawyer should counsel and encourage other lawyers to abide by these Professionalism Expectations.

1.3 A lawyer should promote the public's understanding of the lawyer's role in the legal profession and protect public confidence in a just and fair legal system founded on the rule of law.

1.4 A lawyer should not enter into a lawyer-client relationship when the lawyer cannot provide competent and diligent service to the client throughout the course of the representation.

1.5 A lawyer must not seek clients through the use of misleading or manipulative oral and written representations or advertisements. (*See* R. Regulating Fla. Bar 4-7.13 and 4-7.14). Contingency fee arrangements must be in writing and follow R. Regulating Fla. Bar 4-1.5(f).

1.6 When employed by a new client, a lawyer should discuss fee and cost arrangements at the outset of the representation and promptly confirm those arrangements in writing.

1.7 A lawyer must place a client's best interest ahead of the lawyer's or another party's interests. (*See* R. Regulating Fla. Bar 4-1.7(a)(2)).

1.8 A lawyer must maintain and preserve the confidence and private information of clients. (*See* R. Regulating Fla. Bar 4-1.6).

1.9 In any representation where the fee arrangement is other than a contingent percentage-of-recovery fee or a fixed, flat-sum fee or in which the representation is anticipated to be of more than brief duration, a lawyer should bill clients on a regular, frequent interim basis, and avoid charging unnecessary expenses to the client.

1.10 When a fee dispute arises that cannot be amicably resolved, a lawyer should endeavor to utilize an alternative dispute resolution mechanism such as fee arbitration.

1.11 A lawyer must routinely keep clients informed and attempt to resolve client concerns. (*See* R. Regulating Fla. Bar 4-1.4). In the case of irreconcilable disagreements with a client, the lawyer must provide diligent representation until the lawyer-client relationship is formally dissolved in compliance with the law and the client's best interests. (*See* R. Regulating Fla. Bar 4-1.16).

1.12 A lawyer must devote professional time and resources and use civic influence to ensure equal access to our system of justice. (*See* R. Regulating Fla. Bar 4-6.1).

1.13 A lawyer must avoid discriminatory conduct prejudicial to the administration of justice in connection with the practice of law. (*See* R. Regulating Fla. Bar 4-8.4(d)).

## 2.    Honest and Effective Communication

A lawyer's word is his or her bond. Effective communication requires lawyers to be honest, diligent, civil, and respectful in their interactions with others, including interactions in person and by video conferencing, telephone, text messaging, social media, email, online communications, and all other oral and written communications.

**Expectations:**

2.1 A lawyer should inform every client what the lawyer expects from the client and what the client can expect from the lawyer during the term of the legal representation.

2.2 Candor and civility must be used in all oral and written communications, including online communications. (*See* R. Regulating Fla. Bar 4-8.4(c)).

2.3 A lawyer must avoid disparaging personal remarks or acrimony toward opposing parties, opposing counsel, third parties or the court. (*See* R. Regulating Fla. Bar 4-8.4(d)).

2.4 A lawyer must timely serve all pleadings to prevent prejudice or delay to the opposing party. (*See* R. Regulating Fla. Bar 4-3.2).

2.5 A lawyer's communications in connection with the practice of law, including communications on social media or other online communications, must not disparage another's character or competence or be used to inappropriately influence or contact others. (*See* R. Regulating Fla. Bar 4-8.4(d)).

2.6 A lawyer should use formal letters or emails for legal correspondence and should not use text messages to correspond with a client or opposing counsel unless mutually agreed.

2.7 In drafting a proposed letter of intent, the memorialization of an oral agreement, or a written contract reflecting an agreement reached in concept, a lawyer should draft a document that fairly reflects the agreement of the parties.

2.8 In drafting documents, a lawyer should point out to opposing counsel all changes that the lawyer makes or causes to be made from one draft to another.

2.9 A lawyer should not withhold information from a client to serve the lawyer's own interest or convenience.

2.10 A lawyer must not knowingly misstate, misrepresent, or distort any fact or legal authority to the court or to opposing counsel and must not mislead by inaction or silence. Further, the discovery of additional evidence or unintentional misrepresentations must immediately be disclosed or otherwise corrected. (*See* R. Regulating Fla. Bar 4-3.3 and 4-8.4).

2.11 A lawyer must not inappropriately communicate with a party represented by a lawyer (*See* R. Regulating Fla. Bar 4-4.2), including not responding "reply all" to emails.

2.12 A lawyer should diligently prepare legal forms and documents to avoid future harm or litigation for the client while ensuring compliance with the requirements of the law.

2.13 Social media must not be used to disparage opposing parties, lawyers, judges, and members of the public. (*See* R. Regulating Fla. Bar 4-8.2(a) and 4-8.4(d)).

2.14 Social media should not be used to avoid the ethical rules regulating lawyer advertising.

2.15 Social media must not be used to inappropriately contact judges, mediators, jurors, witnesses, or represented parties. (*See* R. Regulating Fla. Bar 4-3.5 and 4-4.2).

2.16 Social media must not be used for the purpose of influencing adjudicative proceedings. (*See* R. Regulating Fla. Bar 4-3.6).

2.17 A lawyer must ensure that the use of electronic devices does not impair the attorney-client privilege or confidentiality. (*See* R. Regulating Fla. Bar 4-1.6).

2.18 A lawyer must diligently respond to calls, correspondences, complaints, and investigations by The Florida Bar. (*See* R. Regulating Fla. Bar 4-8.4(g)).

## 3. Adherence to a Fundamental Sense of Honor, Integrity, and Fair Play

Courtesy, cooperation, integrity, fair play, and abiding by a sense of honor are paramount for preserving the integrity of the profession and to ensuring fair, efficient, and effective administration of justice for the public.

**Expectations:**

3.1 A lawyer must not engage in dilatory or delay tactics. (*See* R. Regulating Fla. Bar 4-3.2).

3.2 A lawyer should not make scheduling decisions that limit opposing counsel's opportunity to prepare or respond.

3.3 A lawyer should not unreasonably oppose an adversary's motion.

3.4 A lawyer must not permit non-lawyer personnel to communicate with a judge or judicial officer on any matters pending before the judge or officer or with other court personnel except on scheduling and other ministerial matters. (*See* R. Regulating Fla Bar 4-3.5(b) and 4-8.4(a)).

3.5 A lawyer must avoid substantive ex parte communications in a pending case with a presiding judge. The lawyer must notify opposing counsel of all communications with the court or other tribunal, except those involving only scheduling or clerical matters. (*See* R. Regulating Fla. Bar 4-3.5).

3.6 When submitting a written communication to a court or other tribunal, a lawyer should provide opposing counsel with a copy of the document contemporaneously or sufficiently in advance of any related hearing.

3.7 A lawyer must promptly prepare a proposed order, ensure that the order fairly and adequately represents the court's ruling before submitting the order to the court, and advise the court whether opposing counsel has approved the order. (*See* R. Regulating Fla. Bar 4-3.4(c)).

3.8 A lawyer should only schedule depositions to ascertain relevant facts and not to generate income or harass deponents or opposing counsel.

3.9 A lawyer must not ask a deponent irrelevant personal questions or questions designed to embarrass a deponent. (*See* R. Regulating Fla. Bar 4-4.4(a)).

3.10 A lawyer should not make improper objections in depositions.

3.11 A lawyer must not prevent a deponent from answering questions unless a legal privilege applies. (*See* R. Regulating Fla. Bar 4-3.4(c)).

3.12 When scheduling depositions, hearings, and other court proceedings, a lawyer should request an amount of time that permits all parties in the case the opportunity to be fully and fairly heard on the matter.

3.13 A lawyer should immediately provide a scheduling notice for a hearing, deposition, or trial to all opposing parties.

3.14 A lawyer should notify opposing parties and subpoenaed witnesses of a cancelled or rescheduled hearing, deposition, or trial.

3.15 During pre-trial disclosure, a lawyer should make a reasonable, good-faith effort to identify witnesses likely to be called to testify.

3.16 During pre-trial disclosure, a lawyer should make a reasonable, good-faith effort to identify exhibits to be proffered into evidence.

3.17 A lawyer should not mark on or alter exhibits, charts, graphs, or diagrams without opposing counsel's permission or leave of court.

3.18 A lawyer must not threaten opposing parties with sanctions, disciplinary complaints, criminal charges, or additional litigation to gain a tactical advantage. (*See* R. Regulating Fla. Bar 4-3.4(g) and (h)).

## 4.    Fair and Efficient Administration of Justice

The just, speedy, and inexpensive determination of every controversy is necessary to preserve our system of justice.

**Expectations:**

4.1 A lawyer should be familiar with the court's administrative orders, local rules, and each judge's published standing orders, practices, and procedures.

4.2 A lawyer should endeavor to achieve the client's lawful objectives as economically and expeditiously as possible.

4.3 A lawyer should counsel the client concerning the benefits of mediation, arbitration, and other alternative methods of resolving disputes.

4.4 A lawyer should counsel the client to consider settlement in good faith.

4.5 A lawyer should accede to reasonable requests for waivers of procedural formalities when the client's legitimate interests are not adversely affected.

4.6 A lawyer must not invoke a rule for the purpose of creating undue delay, or propose frivolous oral or written arguments which do not have an adequate basis in law nor fact. (*See* R. Regulating Fla. Bar 4-3.1).

4.7 A lawyer must not use discovery to harass or improperly burden an adversary or cause the adversary to incur unnecessary expense. (*See* R. Regulating Fla. Bar 4-4.4).

4.8 A lawyer should frame reasonable discovery requests tailored to the matter at hand.

4.9 A lawyer should assure that responses to proper discovery requests are timely, complete, and consistent with the obvious intent of the request. A lawyer should not avoid disclosure unless a legal privilege prevents disclosure.

4.10 A lawyer should not respond to discovery requests in a disorganized, unintelligible, or inappropriate manner, in an attempt to conceal evidence.

4.11 A lawyer should stipulate to all facts and principles of law that are not in dispute and should promptly respond to request for stipulations of fact or law.

4.12 After consulting with the client, a lawyer should voluntarily withdraw claims and defenses that are without merit, superfluous, or cumulative.

4.13 A lawyer should be fully prepared when appearing in court or at hearings.

4.14 A lawyer should not use voir dire to extract promises from or to suggest desired verdicts to jurors.

4.15 A lawyer should abstain from all acts, comments, and attitudes calculated to curry favor with jurors.

4.16 A lawyer should not express bias or personal opinion concerning any matter at issue in opening statements and in arguments to the jury.

4.17 A lawyer should not make offers or requests for a stipulation in front of the jury.

4.18 A lawyer should not use the post-hearing submission of proposed orders as an opportunity to argue or reargue a matter's merits.

4.19 A lawyer must not request rescheduling, cancellations, extensions, and postponements without legitimate reasons or solely for the purpose of delay or obtaining unfair advantage. (*See* R. Regulating Fla. Bar 4-4.4).

4.20 A lawyer must not criticize or denigrate opposing parties, witnesses, or the court to clients, media, or members of the public. (*See* R. Regulating Fla. Bar 4-8.2(a) and 4-8.4(d)).

## 5.    Decorum and Courtesy

When lawyers display reverence for the law, the judicial system, and the legal profession by acting with respect, decorum, and courtesy, <u>including interactions in person and by video conferencing,</u> they earn trust of the public and help to preserve faith in the operation of a fair judicial system.

5.1 A lawyer should abstain from rude, disruptive, and disrespectful behavior. The lawyer should encourage clients and support personnel to do the same.

5.2 A lawyer should be civil and courteous in all situations, both professional and personal, and avoid conduct that is degrading to the legal profession. (*See* R. Regulating Fla. Bar 3-4.3).

5.3 A lawyer must always behave in a courteous and formal manner in hearings, depositions, and trials and should refrain from seeking special consideration from a judge or juror.

5.4 A lawyer should refer to all parties, witnesses, and other counsel by their last names during legal proceedings.

5.5 A lawyer should request permission from the court before approaching the bench or submitting any document.

5.6 A lawyer should state only the legal grounds for an objection unless the court requests further argument or elaboration.

5.7 A lawyer should inform clients and witnesses that approving and disapproving gestures, facial expressions, or audible comments are absolutely prohibited in legal proceedings.

5.8 A lawyer should abstain from conduct that diverts the fact-finder's attention from the relevant facts or causes a fact-finder to make a legally impermissible decision.

5.9 A lawyer should address objections, requests, and observations to the judge.

5.10 A lawyer should attempt to resolve disagreements before requesting a court hearing or filing a motion to compel or for sanctions.

## 6. Respect for the Time and Commitments of Others

Respecting the time and commitments of others is essential to the efficient and fair resolution of legal matters.

**Expectations:**

6.1 A lawyer should not impose arbitrary or unreasonable deadlines on others.

6.2 A lawyer should schedule a deposition during a time period sufficient to allow all parties to examine the deponent.

6.3 Unless circumstances compel more expedited scheduling, a lawyer should provide litigants, witnesses, and other affected persons with ample advance notice of hearings, depositions, meetings, and other proceedings, and whenever practical, schedule these events at times convenient for all interested persons.

6.4 A lawyer should accede to all reasonable requests for scheduling, rescheduling, cancellations, extensions, and postponements that do not prejudice the client's opportunity for full, fair, and prompt adjudication.

6.5 A lawyer should promptly agree to a proposed time for a hearing, deposition, meeting or other proceeding or make his or her own counter proposal of time.

6.6 A lawyer should promptly call potential scheduling conflicts or problems to the attention of those affected, including the court or tribunal.

6.7 A lawyer should avoid last-minute cancellations of hearings, depositions, meetings, and other proceedings.

6.8 A lawyer should promptly notify the court or tribunal when a scheduled court appearance becomes unnecessary.

6.9 A lawyer should be punctual in attending all court appearances, depositions, meetings, conferences, and other proceedings.

6.10 A lawyer must respond promptly to inquiries and communications from clients and others. (*See* R. Regulating Fla. Bar 4-1.4.)

## 7.    Independence of Judgment

An enduring value of a lawyer's service is grounded in the lawyer's willingness to exercise independent judgment in practice and while giving the client advice and counsel.

7.1 A lawyer should exercise independent judgment and should not be governed by the client's ulterior motives, ill will, or deceit.

7.2 A lawyer should counsel a client or prospective client, even with respect to a meritorious claim or defense, about the public and private burdens of pursuing the claim as compared with the benefits to be achieved.

7.3 In advising a client, a lawyer should not understate or overstate achievable results or otherwise create unrealistic expectations.

7.4 A lawyer should not permit a client's ill will toward an adversary, witness, or tribunal to become that of the lawyer.

7.5 A lawyer must counsel a client against using tactics designed: (a) to hinder or improperly delay a legal process; or (b) to

embarrass, harass, intimidate, improperly burden, or oppress an adversary, party or any other person and should withdraw from representation if the client insists on such tactics. (*See* R. Regulating Fla. Bar 4-1.16, 4-3.2, and 4-4.4).

7.6 In contractual and business negotiations, a lawyer should counsel a client concerning what is reasonable and customary under the circumstances.

**Appendix C**

**Rules Regulating The Florida Bar, Chapter 6**

**Rule 6-10.3.    Minimum Continuing Legal Education Standards**

(a) [No Change]

**(b) Minimum Hourly Continuing Legal Education Requirements.** Every member must complete a minimum of 3~~3~~0 credit hours of approved continuing legal education activity every 3 years. <u>At least 3 of the 30 credit hours must be in approved technology programs.</u> At least 5 of the 3~~3~~0 credit hours must be in approved legal ethics, professionalism, ~~bias elimination,~~ substance abuse, or mental health and wellness programs~~, with at least 1of the 5 hours in an approved professionalism program and at least 3 of the 33 credit hours in approved technology programs.~~<u>; as part of the 5 credit hours, each member must complete, during each reporting cycle, the 2-credit hour Florida Legal Professionalism course produced by The Florida Bar and approved by the Supreme Court of Florida.</u> If a member completes more than 3~~3~~0 credit hours during any reporting cycle, the excess credits cannot be carried over to the next reporting cycle.

**(c)-(g)** [No Change]